IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Maxwell Barkley, | C/A No. 0:18-122-DCN-PJG |
| Plaintiff, | |
| v. | **ORDER REGARDING AMENDMENT OF COMPLAINT** |
| Warden, *FCI Williamsburg*, | |
| Defendant. | |

The plaintiff, Michael Maxwell Barkley, proceeding *pro se*, brings this civil action against the defendant. The Complaint has been filed pursuant to 28 U.S.C. § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint.[1]

**I.     Factual and Procedural Background**

Plaintiff, formerly an inmate at FCI Williamsburg in South Carolina, claims that on November 13, 2015, a pipe fell from the ceiling and hit him in the head, causing injury. He claims that despite receiving treatment for the injury, nothing has relieved him of his suffering. He seeks damages for the staff's negligence in not properly securing the pipe or making the area safe, and for the deliberate indifference to his medical needs since the accident. Plaintiff indicates that he raises this claim pursuant to Bivens v. Six Unkown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking damages, and he indicates that he is suing the defendant only in his official capacity.

---

[1] By a contemporaneously issued order, the court provided Plaintiff with the opportunity to correct and file the documents necessary to bring this case into proper form for initial review and the issuance and service of process.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B. Analysis

To the extent Plaintiff raises these claims pursuant to Bivens, Plaintiff fails to name an individual amenable to suit. In Bivens, the United States Supreme Court established a remedy for plaintiffs alleging certain constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. Bivens v. Six Unkown Agents of Fed.

PJG

Bureau of Narcotics, 403 U.S. 388 (1971). Based on Bivens, courts have recognized that neither federal agencies nor federal officials *in their official capacities* can be sued for monetary damages in a Bivens action. F.D.I.C. v. Meyer, 510 U.S. 471 (1994) (holding that a Bivens action cannot lie against a federal agency); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, a Bivens action is only cognizable against federal officials in their personal or individual capacities, and here, Plaintiff expressly indicates that he only brings this action against the defendant in his official capacity. (ECF No. 1 at 2.) But, even if the court liberally construed the Complaint to state a claim against the defendant in his individual capacity, Plaintiff has not named an individual in the body of the Complaint that would indicate he seeks to state a claim against them.[2] Nor has Plaintiff provided any facts to show the warden was personally involved in the denial of Plaintiff's rights. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d, 928 (4th Cir. 1977)).. Accordingly, to the extent Plaintiff seeks to raise a Bivens claim in this matter, such a claim is subject to summarily dismissal pursuant to § 1915A(b)(1).

---

[2] Plaintiff references a "Warden Meech" on page four of the Complaint, but it is not clear if that is the same "Warden" named in the caption of the Complaint and listed as a defendant.



And, to the extent Plaintiff seeks to raise a tort claim of negligence in this matter, Plaintiff's Complaint would be deficient because he fails to indicate that he seeks to raise a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, 1346(b) and name the proper defendant. The FTCA provides for a limited waiver of the United States's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) ("The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred."). Thus, the proper defendant in an action pursuant to the FTCA is "the United States of America" because federal agencies and individual officials may not be sued under the FTCA. See 28 U.S.C. § 1346(b); F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994). Consequently, to the extent Plaintiff seeks to raise a negligence claim pursuant to the FTCA, Plaintiff failed to name the United States of America as a defendant, and such a claim would be subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Further, Plaintiff would have to allege facts showing he exhausted his administrative remedies before federal jurisdiction could be exercised over any FTCA claim. See 28 U.S.C. § 2675; Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. The Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to

file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, the court will recommend that the action be summarily dismissed by the assigned district judge.

    **IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 5, 2018
Columbia, South Carolina

    *Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A.

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *__ALL__* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).